48  289
81  574

## Argo et al. v. Oberschlake et al.

1. *Premature Delivery of a Deed under a Decree—Rights Thereunder.*—Where, under a decree of sale, it was provided that the purchaser at the sale was not to receive possession nor title until February 1st, following the sale, the sale of the premises under the decree was made October 31st, and approved December 7th. On December 14th the purchaser induced the master to deliver to him the deed under the decree, giving him as payment of the purchase money a certified

check upon a bank, conditioned that it was not to be presented until February 1st. Upon receipt of the deed the purchaser demanded the rent of the premises and being refused, brought replevin. *It was held,* that the purchaser took nothing by the premature delivery of the deed in addition to his rights under the decree and that he was not entitled to the rents; that the delivery of the check to the master was not a payment but an order for the payment of the money at a future day; that the certificate of the officials of the bank upon which it was drawn, that it would be paid, added only security for the payment to the extent of the solvency of the bank.

2. *Delivery of a Deed Essential.*—The delivery of a deed is essential to the conveyance of land. It is the final act of conveyance and without it all other formalities are ineffectual. Even though executed, a deed has no effect to pass title unless delivered, and it takes effect not from the date of its execution, but from the date of its delivery.

**Memorandum.**—Replevin. Appeal from a judgment for defendants rendered by the Circuit Court of De Witt County; the Hon. LYMAN LACEY, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

### APPELLANTS' BRIEF.

This being a judicial sale, without redemption, and without any reservation of accruing rents in either of the decrees, or otherwise, such rents passed to the purchasers at the sale. Dixon v. Nicholls, 34 Ill. 372; Epley v. Eubanks, 11 Ill. App. 272; Desselhorst v. Cadogan, 21 Ill. App. 179; Foote v. Overman, 22 Ill. App. 181.

Ample authority was conferred upon the master to deliver the deed at the time it was delivered. And even if there was some irregularity about that, it could not be questioned in this collateral proceeding. Nichols v. Mitchell, 70 Ill. 259; Mulford v. Beveridge, 78 Ill. 455; Hobson et al. v. Ewan, 62 Ill. 146; Lane v. Bommelmann, 17 Ill. 95; Rigg v. Cook, 4 Gil. 336.

It was not necessary to show an order approving of the master's report of deed. McHany v. Schenk, 88 Ill. 357.

R. A. LEMON, attorney for appellants.

FULLER & INGHAM, and MOORE & WARNER, attorneys for appellees.

OPINION OF THE COURT, *the Hon. Carroll C. Boggs, Judge.*

This was replevin brought by the appellants to recover a quantity of rent-corn grown upon premises purchased by them on the 31st day of October, 1891, at a sale by the master in chancery, under a decree in a proceeding in partition, rendered at the August term, 1891, of the DeWitt Circuit Court, ordering the lands to be sold upon the following terms and conditions, to wit:

"Ten per cent of the purchase money to be paid cash in hand, the balance to be paid on the 1st day of February, 1892, without interest. Deed to be delivered upon payment of the purchase money."

A portion of the rent-corn had been, before the day of sale, gathered and stored in cribs on the premises, and the tenant was, on the day of sale, still engaged in gathering and storing the corn in such cribs, as he was required to do by his contract with the appellees, the owners of the lands. After the sale, the tenant continued to so gather and store the corn until about Christmas, at which time it was all gathered.

On the day of the sale, the appellants paid the master ten per cent of the amount of their bid for the lands.

The sale was reported to and approved by the court on the 7th day of December.

On the 14th day of December, the appellants induced the master to deliver to them a master's deed for the lands, and to accept, as payment of the purchase money, a check, or order, drawn by the appellants upon a bank, conditioned that such check was not to be paid until the 1st day of February. Immediately after thus securing the deed, the appellants demanded that the rent-corn be delivered them. The tenant refused to allow them to take the corn, and began to deliver it to the appellees, the owners of the land at the time of the rendition of the decree, whereupon the appellants instituted this action to recover the corn, and being defeated in the Circuit Court, bring this appeal.

The law charged the appellants with notice of the provisions of the decree under which they purchased the lands.

Aside from this, the proof shows that they had actual knowledge of such provisions before bidding at the sale.

This decree provided for final payment of the purchase money and delivery of the master's deed on the 1st of February. We do not think this provision was inserted merely for the purpose of securing the payment of the money. Its purpose was to fix a time when title, under the decree, should vest in the purchaser at the sale.

The appellants did not, as they well knew, become vested with the title by the bid on the day of sale, nor by the confirmation of the sale by the court. The delivery of a deed to them was necessary to invest them with title, and it is apparent they well knew this.

The delivery of a deed is essential to the conveyance of land. It is, in fact, the final act of conveyance and without it all other formalities are ineffectual.

Even though executed, a deed has no effect to pass title unless delivered, and it takes effect not from the date of its execution but from the date of its delivery. Devlin on Deeds, Secs. 260 and 264.

The decree was, we think, framed in view of these legal rules, and, as we construe it, a retention of the title in the appellees until February 1st, with all of the legal consequences thereof, was intended to be effected by the peculiar provisions of the decree. Under it the purchaser at the sale was not to receive possession nor title until February 1st. Appellants, fully understanding that a deed was necessary to vest them with title and the rights of ownership, sought therefore to obtain a deed before the rent-corn could be delivered. In this they succeeded, and secured a deed, not only before the time fixed by the decree, but also without payment of the balance of the purchase money, as required by the decree. The delivery to the master of the check of appellants upon a bank for the payment of money on the 1st of February was not a payment. The check was but an order for the payment of money at a future time, and the certificate of the officials of the bank that it would be paid at such future date added only security for the payment to the extent of the solvency of the bank.

The master had only a naked power to strictly execute the decree of the court. We do not think he had authority to accept such certified check, payable at a future date, as a payment, and deliver the deed. We, in fact, think the appellants were not entitled to a deed until the expiration of the time fixed by the decree; but certainly they were not entitled to have the deed in advance of the time fixed for the payment of the balance of the purchase money and delivery of the deed without paying such balance.

They did obtain the deed before February 1st, without paying the money or ever proposing to pay it until 1st of February.

The appellants can only claim, under the deed thus obtained, such rights and interest as they would and should have been invested with under a deed delivered to them at the time provided for by the decree.

A deed delivered to them on the 1st of February would have given them no right to this corn. It is suggested that the deed should relate back from the time of its delivery to the day of the sale, or to the time of the confirmation of the sale by the court, and thus confer upon appellants a right to the corn as accrued rent.

This principle has been, at times, applied, but only when necessary for the furtherance of justice. Devlin on Deeds, Vol. 1, Sec. 264. We think the appellants knew when they bid at the master's sale that they were bidding for a right to the title to the land and possession thereof on the 1st of February, and that they knew and well understood that matured accruing rents, then partially severed from the land, would be wholly severed and removed before their right could or should attach.

There is, therefore, no reason for the application of the rule which would carry the effect of the deed back to the date fixed for its delivery by the decree.

We think the judgment is right in law, and upon the merits of the case. It must be affirmed.