## Frederick Eirich et al. v. Frederick Leitschuh.

1. DEEDS—*When They Take Effect.*—A deed will have relation back to, and take effect from the time the grantee was entitled to receive it, but this principle will not be permitted to prevail when its adoption will work injustice.

2. RENTS—*Go with a Conveyance of the Fee.*—A conveyance of the fee carries with it the rents accruing after the time, but the rule will not necessarily be applied unless the purchase money is paid when the conveyance is made.

Distress for Rent.—Trial in the Circuit Court of Putnam County; the Hon. THOMAS M. SHAW, Judge, presiding. Verdict and judgment for defendant by direction of the court. Appeal by plaintiff. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

Statement of Facts.—Appellants and Fredolin Wolf, were owners as tenants in common of eighty acres of land in Putnam county, appellants owning two-fifths and Wolf owning the other three-fifths thereof. For several years the parties had rented this land to appellee for $360 per year or $4.50 per acre, appellants receiving two-fifths of the rent and Wolf getting the remainder. Each of the parties collected his or their own share of the rent. For the year 1897, the rent was reduced to $4 per acre, and a written lease was drawn between appellants and appellee as to two-fifths of the land. The evidence tends to show that the agreement was, that if appellee would execute the written lease and get a guarantor thereon, the rent should all be payable March 1, 1898, amounting to $128; but if the lease was not executed and guaranteed, the old agreement should continue, except that the rent should be reduced to $4 per acre, and whereby appellee should pay one-half, or $64, on October 1, 1897, and the remainder on March 1st, following. The written lease was never in fact executed.

At the October term, 1896, of the Putnam County Circuit Court, Wolf commenced partition proceedings to divide the eighty acres of land, to which proceedings appellants

were parties. A decree for partition was entered at the March term, 1897, of said court, in pursuance of which the premises were sold on April 24, 1897, and Wolf became the purchaser. On the one hand it is claimed that Wolf paid the master in chancery the entire portion of the purchase money going to appellants, at the time of the sale, but this is denied by appellants. The sale was approved October 26, 1897, on which date Wolf obtained a master's deed for the land. Appellee not having paid appellants the installment of rent claimed by them to be due October 1, 1897, the latter issued a distress warrant which was the foundation of this suit, and the question at issue is as to who is entitled to the rent, appellants or Wolf. Wolf claims he is entitled to the rent, invoking the doctrine of relation, and insisting that his deed should relate back to the day of the sale, viz., April 24, 1897. The court below seems to have held in accordance with this view and directed a verdict for appellee.

SAMUEL P. HALL, attorney for appellants.

R. M. BARNES, attorney for appellee.

MR. JUSTICE CRABTREE delivered the opinion of the court.

The only controversy in this case is, as to the installment of rent which appellants claim became due to them from appellee on October 1, 1897, it being admitted that Wolf is entitled to the portion becoming due March 1, 1898. It seems to be conceded that if Wolf's deed is to relate back to the day of sale he is entitled to the rent in dispute on the well known principle that a conveyance of the fee carries with it rents accruing after that time.

The law is well settled that for the furtherance of justice, and when the rights of third parties are not to be injuriously affected, a deed will have relation back to and take effect from the time the grantee was entitled to receive it. (1 Devlin on Deeds, Sec. 264; Argo v. Oberschlake, 48 Ill. App. 289; Ferguson v. Miles, 3 Gilm. 358–365.) But this

principle will never be permitted to prevail when its adoption would work injustice. In this case if Wolf paid all the money to which appellants were entitled for their portion of the premises on April 24, 1897, as claimed by him, it would be only right he should receive the rents accruing after that time, and the doctrine of relation should be applied in his favor for the furtherance of justice. On the other hand if Wolf did not pay the money until he obtained his deed on October 26, 1897, there would be no justice in allowing him to have the use of the money and also the rent of the land, and in such case it would not be right to hold that his deed relates back to the day of sale to the injury of appellants.

The proofs are not satisfactory as to when Wolf paid the money and we think that is a question which should have been submitted to the jury and that it was error to direct a verdict in favor of appellee.

The burden of proving himself entitled to the benefit of the doctrine of relation was upon appellee, who invoked it in his own behalf. As the record stands we can not determine what would be just as to the application of the principle in this case.

The decree of partition and sale does not appear in the evidence. It may be that a reference thereto might have some effect upon the rights of the parties accordingly as it may or may not provide when the purchase money should be paid.

As the proofs now stand we are of the opinion the unexecuted lease was not competent evidence.

The judgment must be reversed and the cause remanded for a new trial in accordance with the views herein expressed. Reversed and remanded.